IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AGATA GARBACZ *as Parent and Natural Guardian* of E.G., *a Minor*, <br> 2118 Hill Road <br> Effort, PA 18330 <br><br>                 Plaintiff, <br><br> v. <br><br> LM GENERAL INSURANCE COMPANY <br> 175 Berkley Street <br> Boston, Massachusetts 02116 <br><br>                 Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | No.: 3:23-cv-01200-SES |

## AMENDED COMPLAINT

**AND NOW COMES** the Plaintiff Agata Garbacz as Parent and Natural Guardian of E.G., A Minor by and through her counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendant, and in support thereof avers as follows:

### PARTIES

1. The Plaintiff herein is Agata Garbacz as Parent and Natural Guardian of E.G., A Minor (hereinafter "Plaintiff"), an adult individual that currently resides at the above-captioned address.

2. Defendant herein is LM General Insurance Company (hereinafter "Defendant") is a business entity with a primary place of business at 175 Berkley Street, Boston, Massachusetts 02116.

3. At all times relevant hereto, Defendant regularly and systematically conducted and continues to conduct business in the Commonwealth of Pennsylvania, of which it derives significant income.

### JURISDICTION AND VENUE

4. This Court has diversity jurisdiction under 28 U.S.C. 1332 in that there is complete diversity of citizenship between Plaintiff and the Defendant and the amount in controversy exceeds $150,000.00.

5. Venue is appropriate under 28 U.S.C.A. 1391(a)(2) in that a substantial part of the instant claim arose within the Middle District of Pennsylvania – namely the breach of contract claim.

## FACTUAL ALLEGATIONS

6. The preceding allegations are incorporated herein by reference as though fully set forth at length.

7. At all times relevant hereto, the Plaintiff, E.G., a minor was insured by and through her mother Agata Garbacz through a LM General Insurance Company policy, number AOS-288-251277-40 (hereinafter "the policy").

8. On December 21, 2021, Plaintiff, E.G., a minor, was a bicyclist/pedestrian attempting to cross southbound on Aqualinda Blvd., Cape Coral, Lee County, Florida.

9. At that time and place, Dennis C. Foreman, an underinsured tortfeasor, was the owner and operator of a motor vehicle traveling on Aqualinda Blvd., near the intersection of SW 44th Ter. in Cape Coral, Lee County, Florida.

10. Suddenly and without warning, Dennis C. Foreman failed to notice and/or yield to Plaintiff crossing the roadway, resulting in a violent collision.

11. Due to the force of the impact, Plaintiff suffered serious and painful injuries to her neck, back, face, right leg, and head.

12. As a direct and proximate result of the negligence and carelessness of Mr. Foreman, Plaintiff, E.G., a minor, sustained:

    a. Concussion with loss of consciousness;

    b. Fracture of seventh cervical vertebra;

    c. Fracture of shaft of right tibia;

    d. Fracture of shaft of right fibula;

    e. Lumbar injury;

    f. Multiple abrasions on face and neck with permanent scarring; and

    g. Lacerated lip.

13. As a direct result of the aforementioned injuries, Plaintiff has required medical treatment, including diagnostic imaging, neurosurgery, orthopedic and pain management treatment.

14. All of the aforementioned treatment for Plaintiff's injuries has been deemed reasonable and necessary.

15. As a result of the aforesaid injuries, Plaintiff has been caused to suffer a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time in the future.

16. As a result of the aforesaid injuries, Plaintiff sustained embarrassment and humiliation, and may continue to suffer the same for an indefinite period of time into the future.

17. As a result of the aforesaid injuries, Plaintiff has sustained physical and mental pain and suffering and may continue to suffer the safe for an indefinite period of time into the future.

18. As a result of the aforesaid injuries, Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment, and may be obligated to do so into the future.

19. As a direct result of the aforesaid injuries, Plaintiff may suffer a loss of future wages and earning capacity.

20. At all times relevant hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

### **INSURANCE FACTUAL HISTORY**

21. The preceding paragraphs are incorporated by reference herein as though full set forth at length.

22. At all times relevant hereto, Plaintiff E.G., a minor, was insured under LM General Insurance Company policy number AOS-288-251277-40 (hereinafter "the policy"), issued to her mother Agata Garbacz. A copy of said policy is within the possession of the Defendant.

23. At all times relevant hereto, the aforesaid policy provided "Underinsured Motorist" (hereinafter UIM) coverage.

24. At all times relevant hereto, the aforesaid policy provided UIM coverage for Plaintiff in the amount of $250,000 per person/ $500,000 per occurrence with stacking over three vehicles.

25. The total UIM coverage available to Plaintiff at all times relevant hereto was $750,000.

26. On September 19, 2022, Plaintiff presented an underinsured motorist demand to Defendant.

27. On September 22, 2022, Defendant offered only $9,000 to resolve Plaintiff's UIM claim.

28. On May 2, 2023, Defendant offered only $50,500.00 to resolve Plaintiff's UIM claim.

29. On May 2, 2023, Defendant requested photos of Plaintiff's facial abrasions at the time of the accident as well as current photos of her face and scarring.

30. Plaintiff timely supplied the requested photos.

31. On June 30, 2023, Defendant made an offer of $81,103.02 to resolve Plaintiff's UIM claim.

32. Defendant LM General Insurance Company made this offer even though Plaintiff is actively still treating.

33. Defendant LM General Insurance Company made this offer even though the Plaintiff has suffered serious and permanent injuries.

34. Defendant LM General Insurance Company made this offer with knowledge that Plaintiff's everyday life has been seriously hindered as a result of this accident.

35. Defendant LM General Insurance Company has failed to fairly evaluate the Plaintiff's claims.

36. By failing to tender the policy limits, LM General Insurance Company has acted purely in their own financial interests without taking into account the interests of their insured, Plaintiff E.G., a minor.

37. Defendant LM General Insurance Company failed to process Plaintiff's UIM claim promptly, fairly, and accurately.

38. Defendant LM General Insurance Company refused to offer the policy limits solely as a negotiation tactic, rather than anything related to the actual value of this case.

**COUNT I**
**BREACH OF CONTRACT**
**PLAINTIFF, AGATA GARBACZ as P/N/G of E.G., a minor**
**v.**
**DEFENDANT LM GENERAL INSURANCE COMPANY**

39. The preceding paragraphs are incorporated herein by reference as though fully set forth at length herein.

40. At the time of the collision, the Plaintiff Agata Garbacz was insured under a car insurance policy through Defendant LM General Insurance Company issued to her mother, Agata Garbacz. Said policy is in the possession of Defendant LM General Insurance Company.

41. At all relevant times, Agata Garbacz complied with the terms, conditions and duties required under her LM General Insurance Company policy.

42. Defendant LM General Insurance Company has failed to objectively and reasonably evaluate Plaintiff, E.G.'s claim.

43. Defendant LM General Insurance Company failed to promptly offer payment of the reasonable and fair value of the UIM claim to the Plaintiff.

44. Defendant LM General Insurance Company failed to reasonably investigate Plaintiff, E.G.'s claim inasmuch as thorough and proper inquiry would have revealed that she sustained injuries, damages and losses which reasonable compensation would have required an offer of the policy limits.

45. As the insurer of the Plaintiff, Defendant LM General Insurance Company owes a fiduciary, contractual and statutory obligation to investigate, evaluate, and negotiate the UIM claim in good faith and to arrive at a prompt, fair and equitable settlement.

46. For the reasons set forth above, Defendant LM General Insurance Company violated its obligations under the Policy and breached its duty to its insured, Plaintiff Agata Garbacz, as P/N/G/ of E.G., a minor.

WHEREFORE, the Plaintiff, Agata Garbacz, as P/N/G/ of E.G., hereby seeks all damages allowed from Defendant, LM General Insurance Company, in an amount in excess of $150,000.00.

                                        Respectfully submitted,

                              MORGAN & MORGAN PHILADELPHIA, PLLC


                              By:  */s/ Jenna N. Leo*
                              JENNA N. LEO, ESQUIRE
                              Attorney for Plaintiff

<u>Date: 9/6/2023</u>

**VERIFICATION**

I, AGATA GARBACZ AS A P/N/G OF E.G., A MINOR, hereby state that I am the Plaintiff in the within action and that the facts set forth in this AMENDED COMPLAINT are true and correct to the best of my knowledge, information and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification. I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
AGATA GARBACZ