JENNA N. LEO, ESQUIRE
HANNAH J. MOLITORIS, ESQUIRE
ALEXANDER C. HYDER, ESQUIRE
**Morgan & Morgan Philadelphia, PLLC**
2005 Market Street, Suite 350
Philadelphia, PA 19103
jleo@forthepeople.com
P: (445) 201-8648
*Attorney(s) for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY GARBACZ, | : NO.: 3:23-CV-01200-SES |
|         Plaintiff | : |
| | : CIVIL ACTION - LAW |
|   v. | : |
| LM GENERAL INSURANCE | : The Honorable Susan E. Schwab |
| COMPANY | : |
|         Defendant | : |
| | : |

## TRIAL BRIEF OF PLAINTIFF EMILY GARBACZ

AND NOW comes the Plaintiff Emily Garbacz (hereinafter "Plaintiff" or Ms. Garbacz") and does hereby submit Plaintiff's Trial Brief in compliance with this Court's August 2, 2024, Pretrial Order (Doc. 26).

## I.    RELEVENT FACTS AND PROCEDURAL HISTORY

This matter stems from a motor vehicle versus bicycle collision which occurred on December 21, 2021, in Cape Coral, Florida. At that time, Plaintiff Emily Garbacz, then fifteen years old, was on vacation with her family and was riding a

bicycle across the street when she was struck by an underinsured tortfeasor. Plaintiff will present evidence establishing that the tortfeasor (Dennis Foreman) was negligent. Notably, Plaintiff will call Mr. Foreman by video as well as eyewitness Olivier Godlewrsi by video; both witnesses are "unavailable" under F.R.C.P. 30(a)(4) given that they are located more than 100 miles from the courthouse. Mr. Foreman will testify that he was not paying attention at the time he struck the 15-year-old bicyclist in an area known to him to be frequented by bicyclists. The evidence will also show that Mr. Foreman took no evasive action to avoid striking the 15-year-old bicyclist, of whom was visible and identifiable to a reasonably attentive driver in a residential area.

As a result of the collision, Plaintiff alleges serious and permanent injuries including a concussion/closed head injury with loss of consciousness, displaced comminuted fracture of the mid-shaft of right fibula, fracture of the seventh cervical vertebra without spinal cord injury but with nonunion, lumbar radiculopathy, and multiple abrasions and scarring of the face, chin, and extremities. Plaintiff further alleges to have sustained, and will continue to into the future pain and suffering, embarrassment and humiliation, disfigurement, and loss of enjoyment of life's pleasures. Plaintiff further alleges economic damages in the form of future medical expenses in the amount of $1,324,534.00 to $1,340,504.00 over her lifetime. Plaintiff intends to call two damages witnesses to testify at trial

as to the affects of her injuries and scarring.  These witnesses are Daria and Katarzyna Bernatowicz.

Plaintiff further alleges Defendant had a contractual agreement that insured Plaintiff for damages caused as a result of underinsured motorists (UIM coverage). It is Plaintiff's position that Defendant LM General Insurance Company is liable for the damages caused to Plaintiff as a result of the December 21, 2021, motor vehicle collision.

Defendant has indicated that it contests the apportionment of liability between Plaintiff and the underinsured tortfeasor, as well as causation and extent of damages alleged to have been sustained by Plaintiff.  Accordingly, Plaintiff offers the following summary of the applicable legal principles and evidence expected to be introduced at trial on these issues.

## II.    <u>STATEMENT OF QUESTIONS INVOLVED</u>

1) *Whether the evidence to be presented by Plaintiff is sufficient to establish that Dennis C. Foreman, underinsured tortfeasor, was negligent?*

*Suggested Answer: Yes*

2) *Whether the evidence to be presented by Plaintiff on the issues of causation and damages is sufficient?*

*Suggested Answer: Yes*

3) *Should this Honorable Court, to avoid the risk of a jury verdict constituting reversible error, direct a verdict that the Dennis C. Foreman's negligence, if*

*found by the jury, was a factual cause of injury when Defendant's own medical expert admitted that an injury was in fact caused by the crash?*

*Suggested Answer: Yes.*

### III.    <u>ARGUMENT</u>

#### A.  <u>Plaintiff Will Present Sufficient Evidence to Establish the Tortfeasor's Liability</u>

Plaintiff will present evidence to establish that Foreman was negligent, and that his negligence caused Plaintiff to sustain serious and permanent injuries, harms, and damages. The parties conducted the trial deposition of Dennis C. Foreman on January 20, 2025.  Foreman testified that he was distracted and failed to pay attention to the roadway at the time he struck Plaintiff, Emily Garbacz on December 21, 2021. Foreman's testimony establishes that the collision occurred in a residential area which he was familiar with, and that he knew was frequented with bicyclists.  Mr. Foreman's testimony establishes that he had clear sight lines, was traveling 30-35 miles per hour at the point of impact, and did not honk his horn or take evasive action to avoid the collision.  *Dennis C. Foreman Video Trial Deposition Transcript*, attached hereto as <u>Exhibit A</u>, at 20:9-24; 17:16-18.

On the issue of liability Plaintiff will also present the testimony of Olivier Godlewsri, who testified by way of video trial deposition which was completed on January 14, 2025. A copy of the January 14, 2025, video trial deposition of Olivier Godlewrsi is attached hereto as <u>Exhibit B</u>. Mr. Godlewrsi's testimony provides that

he was riding a bicycle with Plaintiff at the time she was struck by Foreman's vehicle.  Mr. Godlewsri testified that he was riding approximately one cars length ahead of Plaintiff at the time of the crash, that the two of them were traveling in the bike lane of northbound Agualinda Boulevard and turned left onto S.W. 44th Terrace just before the subject crash.  *See* <u>Exhibit B</u> at 9:21-10:5.

Mr. Godlewsri's sworn testimony provides that at the time he crossed Agualinda Boulevard, he believed it was safe for both he and Ms. Emily Garbacz to do so. *See* <u>Exhibit B</u> at 10:17-11:1.  Mr. Godlewsri testified to witnessing Plaintiff get struck by Foreman. *Id*. at 11:5-7. As it relates to the impact, Mr. Godlewrsi's eye-witness account establishes confirms that Foreman failed take any evasive action including breaking, honking his horn, or swerving to avoid the collision. *Id*. at 15:25-16:12.  Mr. Godlewrsi's testimony also establishes that he saw Ms. Emily Garbacz's body on the hood and windshield of Foreman's vehicle as it traveled further up the street and was thrown from Foreman's car and landing on the median separating northbound and southbound travel lanes of Agualinda Boulevard. [1] *Id*. at 17:13-19:22.

The evidence that will be presented by Plaintiff, through both Mr. Foreman and Mr. Godlewrsi's testimony, establishes Mr. Foreman's negligence. To the

---

[1] During the video trial depositions of Foreman and Godlewrsi photographs of the intersection taken from Google Maps were shown to the witnesses to confirm the  location of the crash and provide context to the incident, as well as photographs of Foreman's vehicle.

extent that Defendant asserts that Plaintiff was comparatively negligent for the subject incident, that is their burden to sustain at the time of trial. In this regard, the standard of care applicable to Plaintiff is that of a reasonably careful 15-year-old minor on vacation in Florida. This is in contrast to the standard applicable to Foreman who was 70 years old at the time of the crash, a resident of Cape Coral familiar with the residential location of the crash, which he knew was frequented with bicyclists but took his eyes off the road while allegedly going 35 miles per hour.

B. **Plaintiff will Present Sufficient Evidence on the Issues of Causation and Damages**

Plaintiff will present evidence to establish that, as a result of being struck as a bicyclist, she sustained facial scarring, mild traumatic brain jury with loss of consciousness, displaced comminuted fracture of the mid-shaft of right fibula, fracture of the seventh cervical vertebra, lumbar radiculopathy, and multiple abrasions of the face and extremities with lacerated lip.  This will be proven through the testimony and opinions of medical experts Dr. Sean L. Lager and Dr. Marshall Miles.

The parties conducted the trial deposition of Dr. Lager on January 6, 2025.  Dr. Lager, specializing in orthopedic surgery, opined to a reasonable degree of medical certainty, that Plaintiff, as a result of the December 21, 2021, crash, suffered

permanent injuries including, inter alia, fractured right fibula, fractured seventh cervical vertebrae, and a lumbar injury.  The parties conducted the trial deposition of plastic surgeon Dr. Miles on January 10, 2025. Dr. Miles opined to a reasonable degree of medical certainty that Plaintiff, as a result of the December 2021 crash, suffered permanent raised scarring over her face and neck. [2]  All of these injuries, which were diagnosed via objective testing and physical examinations, are sufficient to entitle Plaintiff to the recovery of noneconomic and economic damages that were proximately caused by Foreman's negligence, assuming such negligence is proven at trial as outlined above.

Moreover, Dr. Lager and Dr. Miles further opined that Plaintiff will benefit from future medical treatment. On January 8, 2025, the parties conducted the video trial deposition of Varsha Desai, a certified nurse life care planner and medical cost projectionist. Ms. Desai opined to a reasonable degree of professional certainty that the future medical treatment as opined by Drs. Lager and Dr. Miles is projected to cost between $1,324,534.00 to 1,340,504.00 over Plaintiff's lifetime.

In sum, through expert testimony as summarily described herein, through her own testimony, and the reminder of the evidence that  she expects to present at trial, Plaintiff will establish that she suffered permanent and serious injuries to her

---

[2] The parties conducted the video trial deposition of Dr. Michael Banas, Defense medical expert, on January 9, 2025.  Dr. Banas opined, to a reasonable degree of medical certainty, that Plaintiff suffered a fractured right fibula and fractured seventh cervical vertebrae as a result of the December 21, 2021, crash.

face, head, neck, back and right leg as that was proximately caused by the

negligence of Dennis Foreman in the December 21, 2021, crash.

C. **The Evidence Will Establish that Both Plaintiff and Defense Medical Experts Agree that an Injury Was Caused by the Crash.**

The Courts of this Commonwealth have held that "[w]here there is no dispute

that the defendant is negligent and both parties' medical experts agree the accident

caused some injury to the Plaintiff, the jury may not find the defendant's

negligence was not a substantial factor in bringing about at least some of plaintiff's

injuries". *Andrews v. Jackson*, 2002 Pa. Super. 173, 800 A. 2d 959 ( 2002)

(courtesy copy attached hereto as **Exhibit "C"**).

"A jury's determination that a tortfeasor's negligence was not a substantial

factor bears no rational relationship to the evidence when both parties' medical

experts agree that a plaintiff was injured in the accident and only disagreed as to

the severity and duration of those injuries." *Craft v. Hetherly,* 700 A.2d 520, 1997

Pa. Super. at 7-9 (1997).  Furthermore, the Court in *Mano v. Madden*, 1999 PA

Super 235; 738 A.2d 493; 1999 ( Pa. Super.) held that: "It is impermissible for a

jury, in a personal injury case, to disregard the uncontroverted testimony from the

experts from both parties that the plaintiff suffered some injury as a result of the

accident in question.  *Mano* at 497.  The *Andrews* court went on to state:

The determination of what is a compensable injury is uniquely within the purview of the jury. This, however, does not lead to the conclusion that a jury may disregard uncontroverted expert witness testimony that an accident did not cause some injury. Rather, the jury must find the accident was a substantial cause of at least some injury, where both parties' medical experts agree the accident caused some injury. While the jury may then find the injuries caused by the accident were incidental or non-compensable and deny damages on that basis, the jury may not simply find the accident did not cause an injury, where both parties' medical experts have testified to the contrary. *Andrews* at 964.

Here, as in *Andrews*, there is expert medical testimony from both parties' medical experts that the accident did cause some injury to the Plaintiff. The extent of Plaintiff's injuries are, however, in dispute and properly for the jury to decide in determining the issues of damages and serious impairment; the jury charge of factual cause may continue to be read to the jury so that they are appraised of the standard to analyze the disputed injuries/harm.

The parties conducted the video trial deposition of Dr. Michael Banas, Defense medical expert, on January 9, 2025.  Defense's medical expert, Dr. Banas, testified that all of his opinions were to a reasonable degree of medical certainty. Dr. Banas unequivocally testified that Plaintiff Emily Garbacz was injured in the December 21, 2021, crash.

```
13  Q.   So you know, if -- correct me if I'm wrong.  Your
14  direct testimony was the impact of being struck by a
15  car, this 15-year-old body, that was enough that it
16  broke her neck, right, C7?
17  A.   She sustained a C7 fracture, yes.
18  Q.   And it's enough to shatter her fibula or -- right?
19  A.   She sustained a right fibula fracture, certainly,
20  yes.  Those were -- those were the orthopedic
21  diagnoses.
```

*See* *Dr. Banas Trial Video Transcript, at 77:13-21, Exhibit "D."*

Therefore, should the jury find that Dennis Foreman is negligent, and because both parties' medical experts agree that the Plaintiff was injured in the collision, the jury <u>must</u> then find that the accident was the factual cause of at least some injury.  Given the evidence presented, if the jury is directed to answer the question of factual cause and answer in the negative, this would be reversible error. The *Andrews* Court held that it was grounds for a new trial on damages where the experts agreed that the accident caused some injury, but the jury found to the contrary.  *Exhibit "C,"* at 963.  When both parties' medical experts agree that Plaintiff sustained some injury as a result of the accident, although they may differ in the severity of injury, the jury is not permitted to disregard the uncontroverted evidence of causation.  *Exhibit "C,"* at 963-4.

Respectfully submitted,

BY:    /s/ *Jenna N Leo*
       JENNA N. LEO, ESQUIRE
       Attorney for Plaintiff
       2005 Market Street, Suite 350
       Philadelphia, PA 19103
       PA ID # 328027
       jleo@forthepeople.com

Date: January 21, 2025

**CERTIFICATE OF SERVICE**

I, Jenna N. Leo, Esquire, do hereby certify that a true and correct copy of the foregoing

was served upon the following g via Electronic Filing System on the date specified below:

Christopher W. Woodward, Esquire
Candace N. Edgar, Esquire
MARSHALL DENNEHEY
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011

BY:    /s/ *Jenna N Leo*
JENNA N. LEO, ESQUIRE
Attorney for Plaintiff
2005 Market Street, Suite 350
Philadelphia, PA 19103
PA ID # 328027
jleo@forthepeople.com

Date: January 21, 2025