IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY GARBACZ | : | NO.: 3:23-CV-01200-SES |
| Plaintiff | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | MAGISTRATE JUDGE SUSAN SCHWAB |
| LM GENERAL INSURANCE COMPANY | : | |
| Defendant | : | |

### SUPPLEMENTAL TRIAL BRIEF OF DEFENDANT
### LM GENERAL INSURANCE COMPANY

Pursuant to Local Rules 7.8 and 39.7 and this Court's Pretrial Order dated August 2, 2024 (Doc. 26), Defendant LM General Insurance Company ("LM General"), by its attorneys, Candace N. Edgar, Esquire, Christopher W. Woodward, Esquire, and Marshall Dennehey, P.C., submits the following Supplemental Trial Brief, with respect to the upcoming jury trial that is currently scheduled to begin on January 28, 2025.

**I.   Plaintiff's Distortion of the Applicable Negligence Standard**

In her Trial Brief (Doc. 65), Plaintiff grossly misstated the well-established negligence standard applicable to determining liability for the underlying accident, stating:

> [T]he standard of care applicable to Plaintiff is that of a reasonably careful 15-year-old minor on vacation in Florida. This is in contrast to the standard applicable to Foreman who was 70 years old at the time of the crash, a resident of Cape Coral familiar with the residential location

1

of the crash, which he knew was frequented with bicyclists but took his eyes off the road while allegedly going 35 miles per hour.

(Doc. 65 at p. 6).

Under Pennsylvania law, minors over the age of fourteen (14) are presumptively capable of negligence, and that presumption is equally applicable whether the minor is a plaintiff or defendant. Berman By Berman v. Philadelphia Bd. of Educ., 160, 456 A.2d 545, 549 (Pa. Super. 1983); Pa. SSJI (Civ), §13.80 (2024)[1] ("Once a child reaches the age of 14, the law presumes that they have the capacity to appreciate danger and to exercise reasonable care"). The applicable negligence standard is a well-known objective test involving the care a reasonable and prudent person would observe under similar circumstances. See, e.g., Merlini ex rel. Merlini v. Gallitzin Water Auth., 980 A.2d 502, 506 (Pa. 2009).

Based upon Plaintiff's Trial Brief, however, it it would appear that she plans to argue at trial a self-serving distortion of the objective negligence standard, erroneously claiming that Plaintiff and Dennis Foreman have different, subjective negligence standards applicable to them under the law based upon their own individual characteristics and experiences. They do not, and LM General objects to

---

[1] While children over the age of fourteen (14) may seek to prove that they do not have the same capacity to appreciate danger or exercise care as other children of the same age, Plaintiff has never offered any such evidence or identified this as an issue at trial.

any attempt by Plaintiff at trial to misstate or misrepresent the negligence standard applicable to Plaintiff as being less than or different from Mr. Foreman's[2] [3].

## II. A Determination of Factual Cause if the Jury Finds Dennis Foreman Negligent

In her Trial Brief (Doc. 65), Plaintiff contends that no dispute exists that Plaintiff sustained a C7 fracture and right fibular fracture as a result of the underlying accident. LM General agrees. Based upon that consensus, Plaintiff then contends that it would be reversible error for the Court to allow a jury verdict to stand, in which Dennis Foreman is found negligent, but his negligence is found not to be a factual cause of any harm to Plaintiff.

At this juncture, it is premature to speculate about the verdict the jury will return and whether it will contain an objectionable basis for either party. It is LM General's position that the potential issue of the jury finding Dennis Foreman negligent, but his negligence not being found to be a factual cause of harm to Plaintiff can be addressed if and when it actually materializes. LM General is unclear if Plaintiff is seeking some form of preemptive relief from the Court on this issue,

---

[2] LM General has filed a Supplemental Proposed Point for Charge contemporaneous with the filing of its Supplemental Trial Brief.

[3] To the extent relevant, Florida law permits comparative negligence of children six (6) years of age and older to be asserted. See, e.g., Thornton v. Elliott, 288 So. 2d 254 (Fla. 1974) (holding that a six-year-old child who was struck by a car while riding a bicycle across the street could be held comparatively negligent).

but to the extent she is, LM General denies that any such relief is warranted because this potential error with the verdict may never occur.

**MARSHALL DENNEHEY, P.C.**

Date: 01/24/2025

BY: *Candace N. Edgar*
Christopher W. Woodward, Esq. 316580
Candace N. Edgar, Esq. 209127
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
P: (717) 651-3708 - F: (717) 651-3707
cwwoodward@mdwcg.com
cnedgar@mdwcg.com
*Attorneys for Defendant LM General Insurance Company*

## CERTIFICATE OF SERVICE

I, Candace N. Edgar, Esquire, do hereby certify that a true and correct copy of the foregoing was served upon the following via Electronic Filing System on the date specified below:

Jenna N. Leo, Esquire
Hannah Molitoris, Esquire
Alexander C. Hyder, Esquire
MORGAN & MORGAN PHILADELPHIA PLLC
2005 Market Street, Suite 350
Philadelphia, PA 19103
*Attorneys for Plaintiff*

**MARSHALL DENNEHEY, P.C.**

Dated: 01/24/2025

BY: *(signature)*
Candace N. Edgar, Esquire
*Attorneys for Defendant LM General Insurance Company*